IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03815-RBJ

ALFREDO SOTO-CASTRO,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Alfredo Soto-Castro's (Second) Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1.

Petitioner is a 34-year-old native and citizen of Mexico who is currently detained at Denver Contract Detention Facility in Aurora, Colorado. He entered the United States without inspection on November 1, 2012. He alleges that he has two U.S. citizen minor children whom he shares with his spouse whom he says is present in the U.S. lawfully through DACA. He states that he has two pending DUI cases,

and that on November 11, 2016 a warrant was issued in New Mexico for a DUI. It is not clear whether that is one of the two pending cases or a third case.

On December 29, 2025 Mr. Soto-Castro applied for relief through [EIOR] Form of 42(b) for Cancellation of Removal and Adjustment of Status for certain Nonpermanment Residents. On March 12, 2026 an immigration judge denied bond, finding a lack of jurisdiction pursuant to a stay issued by the Ninth Circuit in the "Bautista" case.

On April 1, 2026 an immigration judge denied the application for Cancellation of Removal and Adjustment of Status for certain Nonpermanment Residents and ordered that Mr. Soto-Castro be removed from the United States. On April 18, 2026 Mr. Soto-Castro appealed the removal order. The appeal is pending.

On May 20, 2026 Mr. Soto-Castro through counsel filed his first Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this district. Case No. 1:26-cv-02210-KAS. He alleged that he was unlawfully detained, and that respondents had not complied with a declaratory judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). He complained that he had not received a constitutionally adequate bond hearing, and he asked the court to order respondents to provide a bond hearing or release him. *Id.* at 4, ¶13.

On May 22, 2026, Magistrate Judge Kathryn A. Starnella issued an initial order requiring respondents to show cause as to why the petition should not be

granted. After receiving a response from respondents, Magistrate Judge Starnella granted the petition and ordered respondents to grant Mr. Soto-Castro a bond hearing within five days in which the government would have the burden of proof by clear and convincing evidence. ECF No. 9 in Case No. 1:26-cv-02210-KAS. On June 9, 2026 Mr. Soto-Castro had the bond hearing ordered by Magistrate Judge Starnella. On June 11, 2026 respondents reported to the court that the immigration judge denied bond. ECF No. 10 in 1:26-cv-02210-KAS. Mr. Soto-Castro states that the immigration judge found that he posed a danger to the community due to his two DUI cases and a flight risk due to the denial of his application for Cancellation of Removal and Adjustment of Status for certain Nonpermanment Residents. ECF No. 1 in the present case at 3, ¶13. *See also* ECF No. 1-2 at 18 (order).

On June 15, 2026, Magistrate Judge Starnella, finding that by receiving a bond hearing, Mr. Soto-Castro had been afforded the relief he sought; directed the Clerk to enter final judgment in his favor. Final Judgment was entered the same day. ECF Nos. 11 and 12 in Case No. 1:26-cv-02210-KAS.

In view of this history in Case No. 1:26-cv-02210-KAS it is not clear on what basis the Petition in the present case states, "Petitioner has not had a bond hearing with the immigration court." ECF No. 1 at 11, ¶51. It is not clear why Mr. Soto-Castro did not seek relief in Case No. 1:26-cv-02210-KAS if he believed that bond hearing he received on June 9, 2026 did not comply with Magistrate Judge

Starnella's order. It is not clear on what basis he is entitled to another demand for a bond hearing or release in a new petition before a new district judge in the present case.

Nevertheless, to temporarily protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. To the extent not already done, counsel for petitioner is directed by Wednesday, August 26, 2026 to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" and granting respondents a 14-day deadline to respond) (omitting internal citations).

Dated: August 21, 2026.

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge