IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03815-RBJ

ALFREDO SOTO-CASTRO,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Alfredo Soto-Castro's ("Petitioner") (Second) Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner seeks an order granting immediate release, or, in the alternative, an individualized bond hearing before a neutral arbiter. *Id.* at ¶ 107. Respondents have declined to file a responsive brief. ECF No. 8. For the reasons set forth below, the Court finds that Petitioner's current detention is unlawful and orders Respondents to release him.

## I. Background

Petitioner is a 34-year-old native and citizen of Mexico who is currently detained at Denver Contract Detention Facility in Aurora, Colorado. He entered the

United States without inspection on November 1, 2012. He alleges that he has two U.S. citizen minor children whom he shares with his spouse whom he says is present in the U.S. lawfully through DACA. He states that he has two pending DUI cases, and that on November 11, 2016 a warrant was issued in New Mexico for a DUI. It is not clear whether that is one of the two pending cases or a third case.

On December 29, 2025 Mr. Soto-Castro applied for relief through [EIOR] Form of 42(b) for Cancellation of Removal and Adjustment of Status for certain Nonpermanment Residents. On March 12, 2026 an immigration judge denied bond, finding a lack of jurisdiction pursuant to a stay issued by the Ninth Circuit in the "Bautista" case.

On April 1, 2026 an immigration judge denied the application for Cancellation of Removal and Adjustment of Status for certain Nonpermanment Residents and ordered that Mr. Soto-Castro be removed from the United States. On April 18, 2026 Mr. Soto-Castro appealed the removal order. The appeal is pending.

On May 20, 2026 Mr. Soto-Castro through counsel filed his first Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this district. Case No. 1:26-cv-02210-KAS. He alleged that he was unlawfully detained, and that respondents had not complied with a declaratory judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). He complained that he had not received a

constitutionally adequate bond hearing, and he asked the court to order respondents to provide a bond hearing or release him. *Id.* at 4, ¶13.

On May 22, 2026, Magistrate Judge Kathryn A. Starnella issued an initial order requiring respondents to show cause as to why the petition should not be granted. After receiving a response from respondents, Magistrate Judge Starnella granted the petition and ordered respondents to grant Mr. Soto-Castro a bond hearing within five days in which the government would have the burden of proof by clear and convincing evidence. ECF No. 9 in Case No. 1:26-cv-02210-KAS. On June 9, 2026, Mr. Soto-Castro had the bond hearing ordered by Magistrate Judge Starnella. On June 11, 2026, respondents reported to the court that the immigration judge denied bond. ECF No. 10 in 1:26-cv-02210-KAS. Mr. Soto-Castro states that the immigration judge found that he posed a danger to the community due to his two DUI cases and a flight risk due to the denial of his application for Cancellation of Removal and Adjustment of Status for certain Nonpermanment Residents. ECF No. 1 in the present case at 3, ¶13. *See also* ECF No. 1-2 at 18 (order).

On June 15, 2026, Magistrate Judge Starnella, finding that by receiving a bond hearing, Mr. Soto-Castro had been afforded the relief he sought; directed the Clerk to enter final judgment in his favor. Final Judgment was entered the same day. ECF Nos. 11 and 12 in Case No. 1:26-cv-02210-KAS.

In the initial order issued by this Court in the present case the Court noted that, In view of the record in Case No. 1:26-cv-02210-KAS, it was not on what basis the Petition in the present case states, "Petitioner has not had a bond hearing with the immigration court." ECF No. 1 at 11, ¶51. That allegation appeared to this Court to be incorrect. The Court also noted that it was not clear why Mr. Soto-Castro did not seek relief in Case No. 1:26-cv-02210-KAS if he believed that bond hearing he received on June 9, 2026 did not comply with Magistrate Judge Starnella's order. It was also not clear on what basis the Petitioner would be entitled to another demand for a bond hearing or release in a new petition before a new district judge

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

As noted, in the Court's initial order in this case dated August 21, 2026, the Court raised several issues concerning Petitioner's previous habeas case as to which it was interested in the government's position. However, Respondents declined to file a responsive brief, and the Court therefore declines to analyze any possible preclusive effects of the prior petition on the merits of Petitioner's present challenge to his detention. In fact, Respondents have not provided any evidence or argument to support the lawfulness of Petitioner's arrest or continued detention.

Mr. Soto-Castro was arrested during a traffic stop without being presented with a warrant. Nor did immigration agents demonstrate that Mr. Soto-Castro was a flight risk. Thus, the Court finds that Petitioner's present detention is unlawful under the Fourth Amendment.

The Court further finds that release is the appropriate remedy. *See* 28 U.S.C. § 2243 (granting courts the power to "dispose of [habeas corpus matters] as law and justice require"); *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) (ordering petitioner's immediate release and recognizing that another bond hearing "would only add further insult to the constitutional injury to which [p]etitioner has already been subjected"). Indeed, "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to

ignore." *Pal v. Lyons*, No. 26-CV-1102-WJM, 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026). Furthermore, as noted, Respondents have also acknowledged that release is an appropriate remedy in this case if the Court grants the writ. ECF No. 8 at 1–2.

It is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.
2. Respondents MAY NOT impose additional release conditions other than those that Petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.

It is SO ORDERED.[1]

Dated: September 28, 2026.

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent Petitioner seeks attorney fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.